UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   **5:19-cv-01518-VAP (MAA)**                                  Date: **August 20, 2019**

Title     **Eric Jerome Phillips Jr. v. County of Riverside** *et al.*

---

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

|                Chris Silva                 |                  N/A                  |
|:------------------------------------------:|:-------------------------------------:|
|                Deputy Clerk                |        Court Reporter / Recorder      |

Attorneys Present for Plaintiff:                Attorneys Present for Defendants:
            N/A                                                N/A

**Proceedings (In Chambers):**   Order Dismissing Complaint Pursuant to Federal Rule of Civil Procedure 8 (ECF No. 1)

On August 14, 2019, Plaintiff Eric Jerome Phillips Jr. ("Plaintiff"), proceeding *pro se*, filed a Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Compl., ECF No. 1.) Plaintiff filed a Request to Proceed Without Prepayment of Filing Fees on June 24, 2019 (IFP Request, ECF No. 2), which the Court granted on August 15, 2019 (IFP Order, ECF No. 4).

Federal courts must conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, or in which a plaintiff proceeds *in forma pauperis*. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The court must identify cognizable claims and dismiss any complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted. *Id*. When screening a complaint to determine whether it fails to state a claim upon which relief can be granted, courts apply the Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") standard, which is read in conjunction with Federal Rule of Civil Procedure 8(a) ("Rule 8"). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § Section 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § 1915(e)(2)(B)(ii)); *see also Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013) ("Rule 8 is read on conjunction with Rule 8(a) . . ..").

Rule 8 requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 8 may be violated when a pleading "says *too little*," and "when a pleading says *too much*." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). While Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Moreover, a complaint that is too verbose, long, confusing, redundant, irrelevant, or conclusory may be dismissed for failure to comply with Rule 8. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011) (citing cases upholding dismissals for those reasons).

The Court concludes that the Complaint does not satisfy Rule 8, and will give Plaintiff an opportunity to amend his Complaint to comply with the requirements of Rule 8 (summarized above). Specifically, Plaintiff must correct his Complaint in the following manner.

First, the Complaint is confusing, too long, and nearly wholly illegible. The Court is unable to decipher the symbols in Plaintiff's Complaint. In addition, the Court cannot identify the underlying facts or Plaintiff's specific claims. If Plaintiff files an amended complaint, the allegations should be written larger, Plaintiff's claims should be clearly labeled, and Plaintiff must be concise and avoid unnecessary allegations.

Second, Plaintiff must provide specific factual detail regarding each Defendant's acts and omissions that allegedly violated Plaintiff's federal or Constitutional rights. As stated above, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertion[s]' devoid of 'further factual enhancement'" are insufficient. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Sufficient detail must be provided to give each Defendant fair notice of Plaintiff's claim against him or her. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal under Rule 8 where "one cannot determine from the complaint who is being sued, for what relief, and on what federal or Constitutional theory, and with enough detail to guide discovery."). In an amended complaint, Plaintiff should omit any Defendants for whom Plaintiff cannot provide specific factual allegations regarding their acts or omissions. Plaintiff also is advised to omit any claims for which he lacks a sufficient factual basis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **5:19-cv-01518-VAP (MAA)**                                              Date: **August 20, 2019**

Title      **Eric Jerome Phillips Jr. v. County of Riverside** *et al.*

<u>Third</u>, with respect to Plaintiff's claims against Defendants in their official capacities, Plaintiff must allege the County policy, regulation, custom, or usage that caused the Constitutional violation. This is because claims brought against any Defendant in his or her official capacity "represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). For example, an official capacity claim against the Riverside County Sheriff Department essentially is a claim against Riverside County. However, Plaintiff cannot assert such official capacity claims without specifically alleging the County policy, regulation, custom, or usage that caused the constitutional violation. This is because although a local government entity may be a proper defendant under Section 1983, it "cannot be held liable *solely* because it employs a tortfeasor—or in other words, a [local government entity] cannot be held liable under Section 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Instead, a local government entity is liable in a Section 1983 action only if the plaintiff's "injury was inflicted pursuant to the local government's policy, regulation, custom, or usage." *Chew v. Gates*, 27 F.3d 1432, 1444 (9th Cir. 1994). The local government policy "need only cause a constitutional violation; it need not be unconstitutional per se." *Jackson v. Gates*, 975 F.2d 648, 654 (9th Cir. 1992). Local government policy "'causes' an injury where it is the 'moving force' behind the constitutional violation, or where 'the [local government] is itself the wrongdoer.'" *Chew*, 27 F.3d at 1444 (citations omitted). There must be a "direct causal link between a [local government's] policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

In light of the foregoing, the Complaint is **DISMISSED** with leave to amend. No later than **September 16, 2019**, Plaintiff must either: (1) file a First Amended Complaint ("FAC") that complies with Rule 8; or (2) advise the Court that Plaintiff does not intend to file a FAC.

The FAC must cure the pleading defects discussed above and shall be complete in itself without reference to the Complaint. *See* L.R. 15-2 ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseding pleading."). Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. **Plaintiff strongly is encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.**

**The Court explicitly cautions Plaintiff that failure to timely file a FAC, or timely advise the Court that Plaintiff does not intend to file a FAC, will result in a recommendation that this action be dismissed for failure to prosecute and/or failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).**

A prisoner civil rights complaint dismissed for failure to state a claim without leave to amend may count as a "strike" under 28 U.S.C. § 1915(g), which caps the number of civil rights lawsuits that prisoners may file.

If Plaintiff no longer wishes to pursue this action in its entirety or with respect to particular Defendants, he voluntarily may dismiss this action or particular Defendants by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). **A form Notice of Dismissal is attached for Plaintiff's convenience.**

Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of the claim. Accordingly, although the undersigned Magistrate Judge believes Plaintiff has failed to plead sufficient factual matter in the pleading, accepted as true, to state a claim for relief that is plausible on its face, Plaintiff is not required to omit any claim or Defendant in order to pursue this action. However, if Plaintiff decides to pursue a claim in an amended complaint that the undersigned previously found to be insufficient, then pursuant to 28 U.S.C. § 636, the undersigned ultimately may submit to the assigned District Judge a recommendation that such claim may be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file objections. *See* Fed. R. Civ. P. 72(b); C.D. Cal. L.R. 72-3.

It is so ordered.

Attachments
Notice of Voluntary Dismissal Form (CV-09)
Civil Rights Complaint Form (CV-66)